UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br>Plaintiff,<br><br>v.<br><br>CROWN DISPOSAL COMPANY, INC., a California corporation, and COMMUNITY RENEWABLE ENERGY SERVICES INC., a California corporation,<br><br>Defendants. | No.<br><br>COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL |

## I. PARTIES

1.1  Plaintiff, Northwest Administrators, Inc., is an organization incorporated under the laws of the State of Washington, with its principal place of business in King County, and is the authorized administrative agency for and the assignee of the Western Conference of Teamsters Pension Trust Fund (hereinafter "Trust").

1.2  The Western Conference of Teamsters Pension Trust Fund is an unincorporated association operating as a multiemployer Trust Fund pursuant to Section 302 of the Labor Management Relations Act of 1947, as amended, to provide retirement benefits to eligible participants.

COMPLAINT TO COLLECT TRUST FUNDS PURSUANT
TO EMPLOYER'S WITHDRAWAL – p. 1
G:\01-01999\516\Crown Disposal WL\Complaint.docx

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

1.3    Defendants are each California corporations.

## II. JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the subject matter of this action under Section 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1451(c).

2.2    Venue is proper in this District under Section 4301(d) of ERISA, 29 U.S.C. §1451(d) because the Plaintiff Trust Fund is administered in this District.

## III. STATEMENT OF THE CASE

3.1    Defendant corporations are each owned by Thomas Fry.

3.2    Under 29 U.S.C. § 1301(b)(1) Defendant Community Renewable Energy Services Inc. and Crown Disposal Company, Inc. are considered a single entity as they are operated under common control.

3.3    Defendant Crown Disposal Company, Inc. was a party to a collective bargaining agreement with Local 396 of the International Brotherhood of Teamsters (hereinafter "Local"), under which Defendant Crown Disposal Company, Inc. was required to promptly and fully report for and pay monthly contributions to the Trust at specific rates for each hour of compensation (including vacations, holidays, overtime and sick leave) the Defendant pays to its employees who are members of the bargaining unit represented by the Local. Such bargaining unit members are any of the Defendant's part-time or full-time employees who perform any work task covered by the Defendant's collective bargaining agreement with the Local, whether or not those employees ever actually join the Local.

COMPLAINT TO COLLECT TRUST FUNDS PURSUANT
TO EMPLOYER'S WITHDRAWAL – p. 2
G:\01-01999\516\Crown Disposal WL\Complaint.docx

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

3.4 Defendant Crown Disposal Company, Inc. and the Local are also parties to an Employer-Union Certification under which the company agreed, among other things, to be bound by the Trust's Trust Agreement and Declaration of Trust.

3.5 On or about March 4, 2015, Defendant Crown Disposal Company, Inc. withdrew from the Trust.

3.6 The Trust determined that the amount of Crown Disposal Company, Inc.'s liability for complete withdrawal was $1,021,074.79.

3.7 On December 10, 2015 the Trust sent Crown Disposal Company, Inc. notice of the assessment of withdrawal liability in the amount of $1,021,074.79. The letter contained a description of how the withdrawal liability was calculated and set forth an amortization schedule showing the number and amount of each payment required to liquidate the withdrawal liability under a monthly payment schedule of $32,410.28 by the tenth day of each month for thirty-three months, followed by one payment of $15,909.66.

3.8 On March 21, 2016, the Trust sent a Certified Letter to Crown Disposal Company, Inc. advising that on December 10, 2015, the Trust had sent a notice and demand for payment. This letter provided Defendant with written notification of its failure to make payments due on February 10, 2016 and March 10, 2016. The March 21, 2016 letter was received by the Defendant on March 28, 2016.

3.9 More than sixty days have elapsed since the Trust provided Defendant Crown Disposal Company, Inc. with written notification of its failure to make payments due on February 10, 2016 and March 10, 2016.

COMPLAINT TO COLLECT TRUST FUNDS PURSUANT
TO EMPLOYER'S WITHDRAWAL – p. 3
G:\01-01999\516\Crown Disposal WL\Complaint.docx

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

3.10 Defendant Crown Disposal Company, Inc. has not initiated arbitration pursuant to 29 U.S.C. §1401.

3.11 On March 8, 2016, Defendant, Crown Disposal Company, Inc., disputed the Employer Withdrawal Liability Notice and Demand for Payment dated December 10, 2015.

3.12 On May 10, 2016, Plaintiff mailed a letter dated May 10, 2016, via certified mail, denying the Employer's request for review, and received by the Defendant's attorney on May 13, 2016.

3.13 Defendant, Community Renewable Energy Services Inc. is part of the same control group as Defendant, Crown Disposal Company, Inc., and is, therefore, responsible for Crown Disposal Company, Inc.'s assessed withdrawal liability.

3.14 Based on Defendant, Crown Disposal Company, Inc.'s' failure to make payment on its withdrawal liability within sixty days after demand for payment from the Trust, Defendant, Crown Disposal Company, Inc., is in default as defined under 29 U.S.C. § 1399(c)(5) and the Trust's Employer Liability Rules and Procedures set forth in the Trust Agreement and Declaration of Trust.

3.15 As a consequence of Defendant, Crown Disposal Company, Inc.'s default pursuant to 29 U.S.C. § 1399(c)(5) and the Trust's Employer Liability Rules and Procedures set forth in the Trust Agreement and Declaration of Trust, the Plaintiff requires immediate payment of the outstanding amount of Defendant, Crown Disposal Company, Inc.'s withdrawal liability.

COMPLAINT TO COLLECT TRUST FUNDS PURSUANT
TO EMPLOYER'S WITHDRAWAL – p. 4
G:\01-01999\516\Crown Disposal WL\Complaint.docx

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays to the Court for judgment against the Defendants as follows:

A. For withdrawal liability payment due in the amount of $1,021,074.79;

B. For liquidated damages in the amount of $204,214.96;

C. For all accrued interest;

D. For all attorneys' fees and costs incurred by the Trust in connection with Defendants' obligations; and

E. For such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

REID, McCARTHY, BALLEW & LEAHY, L.L.P.

_____
Russell J. Reid, WSBA #2560
Attorney for Plaintiff

COMPLAINT TO COLLECT TRUST FUNDS PURSUANT
TO EMPLOYER'S WITHDRAWAL – p. 5
G:\01-01999\516\Crown Disposal WL\Complaint.docx

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925